# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CYNTHIA JOHNSON,

                Plaintiff,                CASE NO. 18-10424
                                              HON. DENISE PAGE HOOD

v.

BRIAN C. HARTWELL, *et al.*,

                Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [#12], STRIKING PLAINTIFF'S AMENDED COMPLAINT [#17], DENYING DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINT AS MOOT [#19], AND DEYING PLAINTIFF'S 'MOTION TO RE SERVE' AS MOOT [#22]**

## I.    BACKGROUND

On February 5, 2018, *pro se* Plaintiff Cynthia Johnson ("Johnson") brought this action against Defendants Brian C. Hartwell ("Mr. Hartwell"), the Law Offices of Brian C. Hartwell, PLLC ("Hartwell, PLLC"), Paul Boehms ("Boehms"), and P&J Apartments LLC ("P&J Apartments") (collectively, "Defendants"), for Negligence (Count I), Intentional Infliction of Emotional Distress (Count II), and Invasion of Privacy (Count III). (*Id.* at 5–8) Johnson seeks compensatory and punitive damages, among other things, for the alleged harms. (*Id.* at 9)

Leonard Stinson ("Stinson"), Johnson's son, was a tenant of the P&J Apartments. Johnson was a co-signer on Stinson's lease with P&J Apartments. (Doc

1

# 18, Pg. 9) P&J Apartments hired Mr. Hartwell and Hartwell, PLLC to collect the fees owed by Stinson to P& J Apartments. (*Id.*) Boehms is the sole owner of P&J Apartments. (Doc # 18, Pg. 9)

On April 23, 2015, Mr. Hartwell, acting on behalf of his client, P&J Apartments, sent an email to Johnson ("the April 23, 2015 email") that included a PDF attachment with Johnson's name, Social Security number, birthday, driver's license, work history with salary information, and residence history, among other information. (Doc # 1, ¶ 4; Doc # 18, Pg. 9) In total, Mr. Hartwell sent the April 23, 2015 email to six different email addresses: (1) syncjj@aol.com; (2) syncjj@hotmail.com, (3) majaleague@hotmail.com, (4) majaleauge@gmail.com, (5) majaleague@home.com, (6) majaleague@aol.com. At some point, Mr. Hartwell mailed the information included in the April 23, 2015 email to a Detroit, Michigan residence thought to be Stinson's home. (Doc # 18, Pg. 10) A letter with the same information was mailed to Johnson at her home in Avon, Indiana. (*Id.*; Doc # 1, ¶ 5)

Johnson subsequently filed, but later withdrew, a lawsuit against Defendants in Michigan state court. (Doc # 1, ¶ 9) After withdrawing the case from Michigan state court, Johnson filed suit in the United States District Court for the Southern District of Indiana. *Johnson v. Hartwell*, No. 115CV01632RLYDKL, 2016 WL 6432617, (S.D. Ind. Oct. 31, 2016), *aff'd*, 690 F. App'x 412 (7th Cir. 2017). In that case, the district court judge dismissed Johnson's case without prejudice for want of personal

jurisdiction, and informed Johnson that she was free to re-file this action in a court of proper jurisdiction. *Id.* at *2.

This matter is before the Court on Defendants Boehms and P&J Apartments' Motion to Dismiss the Complaint for lack of subject matter jurisdiction (pursuant to Fed. R. Civ. P. 12(b)(1)), and for failure to state a claim upon which relief can be granted (pursuant to Fed. R. Civ. P. 12(b)(6)). (Doc # 12) Johnson filed an "Amended Complaint" and a Response on June 21, 2018. (Doc # 17; Doc # 18) Defendants Boehms and P&J Apartments filed a Motion to Strike the Amended Complaint and a Reply on June 28, 2018. (Doc # 19; Doc # 20)

Johnson's "Amended Complaint" states that is in "Opposition to Defendant's Motion to Dismiss . . ." (Doc # 17, Pg. 1), presents arguments similar to those provided in Johnson's Response (Doc # 18), addresses various matters that are not before the Court, and requests that a default judgment be entered in Johnson's favor. The Court interprets the supposed "Amended Complaint" as a response, not an Amended Complaint. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and Eastern District of Michigan Local Rule 7.1(c)(3), Johnson's "Amended Complaint" (Doc # 17) is **STRICKEN**. Accordingly, Defendants Boehms and P&J Apartments' Motion to Strike the Amended Complaint (Doc # 19) is **DENIED** as **MOOT**. In addition, for the reasons set forth below, the present Motion to Dismiss (Doc # 12) is **GRANTED**.

3

On July 18, 2018, Johnson filed a "Motion to Re Serve," stating that the Motion is "to have Defendants Re-served with a correct address. That defendant refused to give the court and plaintiff." (Doc # 22) Because the Court is dismissing this case, that Motion is **DENIED** as **MOOT**.

## II. ANALYSIS

### A. Standards of Review

#### 1. *Rule 12(b)(1)*

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014) (*citing United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

In the case of a facial attack, the court takes the allegations of the complaint as true to determine whether the plaintiff has alleged a basis for subject matter jurisdiction. *Id.* In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id.* Plaintiff bears the burden of establishing that subject matter jurisdiction

exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). In the case of a factual attack, plaintiff carries the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

### 2. *Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This type of motion tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court, however, need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 443, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

As the Supreme Court has explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual

allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see LULAC v. Bresdesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive dismissal, the plaintiff must offer sufficient factual allegations to make the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### 3. *Pro Se Litigants*

Federal courts hold *pro se* complaints to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50 (1984).

### B. Applicable State Law

The parties agree that Michigan law should be applied in this case. (Doc # 18, Pg. 2; Doc # 12, Pg. 15) Michigan law governs this action because the Court's jurisdiction is based on diversity of citizenship. *See Michigan First Credit Union v. CUMIS Ins. Soc'y, Inc.*, 641 F.3d 240, 251–52 (6th Cir. 2011) (citing *Erie R.R. v.*

*Tompkins*, 304 U.S. 64 (1938)). "In applying state law, we anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court." *Appalachian Railcar Servs. v. Boatright Enters., Inc.*, 2008 WL 828112, *14 (W.D.Mich.2008) (quoting *NUFIC of Pittsburgh, Pa. v. Alticor, Inc.*, 472 F.3d 436, 438 (6th Cir.2007) (citation omitted)).

**C. Rule 12 (b) Arguments**

**1.** *Subject Matter Jurisdiction Over Johnson's Claims*

Boehms and P&J Apartments argue that Johnson's Complaint cannot survive a facial nor a factual attack for lack of subject matter jurisdiction. Johnson responds that denying the present Motion "is the only and is the right thing to do" (Doc # 18, Pg. 2), and that this Court's "jurisdiction raises claims that exceed $75,000 and minimal diversity of citizenships exists . . . ." (*Id.* at 3) The Court agrees with Defendants.

Johnson has not alleged any count arising under federal law, and the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331. Johnson alleges the Court has subject matter jurisdiction over this action based on diversity jurisdiction under 28 U.S.C. § 1332. Federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ." 28 U.S.C.A. § 1332.

Johnson's Complaint cannot survive a facial attack for lack of subject matter jurisdiction because at paragraph 13, Johnson alleges, "the amount in controversy, exclusive of interest, costs, and attorney's fees, (if any) exceeds the Twenty Five Thousand ($25,000.00) Dollar jurisdictional requirement of this court." (Doc # 1, ¶ 13) Johnson did not make any other allegation regarding the amount in controversy in the Complaint. On its face, Johnson's Complaint fails to meet the amount in controversy requirement to establish that the Court has subject matter jurisdiction over this case.

Johnson's Complaint cannot survive a factual attack for lack of subject matter jurisdiction because she does not allege that she has suffered any injury resulting from Defendants' actions. Johnson merely alleges that she will worry about identity theft. (Doc # 1, ¶ 7) Johnson also asserts that Defendants have caused harm with "substantial potential economic damages . . . ." (Doc # 18, Pg. 4) Under Michigan law, remote, contingent, or speculative damages cannot be recovered in a tort action. *Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*, 268 Mich. App. 83, 96, 706 N.W.2d 843, 852 (2005) (citations omitted). "A plaintiff asserting a cause of action has the burden of proving damages with reasonable certainty, and damages predicated on speculation and conjecture are not recoverable." *Id.* (citation omitted). All of Johnson's claims against Defendants are Michigan tort law claims. Johnson cannot recover for potential or speculative damages. Johnson has not demonstrated

that the amount in controversy requirement to establish subject matter jurisdiction has been met by a preponderance of the evidence.

The Court does not have subject matter jurisdiction over Johnson's Michigan tort law claims. Defendants Beohms and P&J Apartments' Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED**.

### 2. *Failure to State a Claim*

The Court lacks subject matter jurisdiction over this case, and need not address Defendants' arguments that this action should be dismissed for failure to state a claim upon which relief can be granted. The Court, however, notes that Johnson has failed to allege that the Defendants' conduct caused her an injury or that Defendants' conduct was extreme and outrageous.

## III. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Court **STRIKES** Plaintiff Cynthia Johnson's "Amended Complaint" (Doc # 17).

**IT IS FURTHER ORDERED** that Defendants Paul Boehms and P&J Apartments, LLC's Motion to Strike Amended Complaint (Doc # 19) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Defendants Paul Boehms and P&J Apartments, LLC's Motion to Dismiss (Doc # 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Re Serve" (Doc # 22) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Defendants Paul Boehms and P&J Apartments, LLC are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** because this Court lacks subject matter jurisdiction.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: August 21, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 21, 2018, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager